UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE THOMAS CASTANEDA; aka THOMAS, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-683 |
| | § | |
| JANET NAPOLIPANO and SANDRA HEATHMAN | § § § | |
| Defendants. | | |

**OPINION AND ORDER**

Pending before the Court are Defendants Janet Napolitano and Sandra Heathman's[1] motion to dismiss Plaintiff Jose Thomas Castaneda's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. 16) and Plaintiff Jose Thomas Castaneda's ("Castaneda") response. (Doc 21.) Upon review and consideration of this motion and the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted.

I. Background and Relevant Facts

Plaintiff Castaneda was born in Nicaragua February 14, 1974. (Doc. 16, Exh. 1.)[2] He arrived in the United States on or about July 18, 1979, as a nonimmigrant. (Doc. 16, Exh. 2.) On May 27, 1983, Castaneda became a lawful permanent resident. (Doc. 16, Exh. 1..) His father obtained U.S. citizenship by naturalization on July 6, 1990. (Doc. 16, Exh. 1.) Castaneda's parents later separated, and, on January 17, 1992, they were divorced. The divorce

---

[1] "Plaintiff names Sharon Hudson as District Director of the United States Citizenship and Immigration Services ("USCIS") a defendant in this action. Defendants note that Sandra Heathman is now the District Director and should be substituted for Ms. Hudson as defendant." (Doc. 16 at n.1.)

[2] The exhibits to Doc. 16 are filed as one instrument, under seal, as Doc 17.

degree made the father temporary possessory conservator of the almost eighteen years old Castaneda.  (Doc. 16, Exh. 4.)

On June 26, 1996, Castaneda was convicted of aggravated assault with a deadly weapon and sentenced to six years' confinement.  (Doc. 16, Exh. 6.)  As a result of the conviction, removal proceedings were commenced in October 2000.  (Doc. 16, Exh. 7.)  Castaneda challenged the proceedings by claiming that he automatically acquired citizenship through his father's naturalization because he was inr his father's custody prior to the time he turned 18 years of age.  *Id.*  On February 27, 2001, the immigration judge ("IJ") rejected Castaneda's citizenship claim.  *Id.*  The Board of Immigration Appeals (the "Board") first overturned, then reconsidered and finally affirmed the IJ's decision on November 6, 2003.  (Doc. 16, Exh. 9.)  Castaneda then asked the Board to reconsider again.  On April 22, 2004, the Board denied the motion to reconsider, but it remanded the case to the IJ to consider Castaneda's application for a waiver of inadmissibility.  (Doc. 16, Exh. 10.)  The IJ denied the waiver.  (Doc. 16, Exh. 11.)  Castaneda again appealed to the Board.  (Doc. 16, Exh. 12.)  On March 8, 2007, in a detailed opinion setting forth its reasoning, the Board affirmed the IJ's decision and found Castaneda ineligible for any relief.  *Id.*  On March 26, 2007, Castaneda was removed from the United States to Managua, Nicaragua.  (Doc. 16, Exh. 14.)  Prior to removal, Castaneda filed two petitions for review with the Fifth Circuit.  (Doc. 16 at 6.)  He subsequently filed a third petition.  *Id.*  On June 4, 2008, the Fifth Circuit affirmed the Board's decision and denied Castaneda's claim of citizenship.  (Doc. 16, Exh. 13.)

Parallel to his challenges to removal, which were finally adjudicated by the Fifth Circuit in June 2008, Castaneda filed on May 17, 2005, an Application for Citizenship, Form N-600, with U.S. Citizenship and Immigration Services ("USCIS").  (Doc. 16, Exh. 1.)  USCIS denied

the application on March 1, 2006.  (Doc. 16, Exh. 15.)  Castaneda appealed to the USCIS Administrative Appeals Office ("AAO"), which dismissed the appeal on December 29, 2006, after initially dismissing and then reopening the matter.  (Doc. 16, Exh. 19.)  Castaneda now petitions this Court, pursuant to 8 U.S.C. § 1503(a), for a judicial declaration of citizenship  Defendants move to dismiss for failure of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

II.  Legal Standard for Dismissal

A lawsuit must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).  The party seeking to litigate in federal court bears the burden of establishing subject matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The Court may hear a citizenship claim arising from an Application for Citizenship under 8 U.S.C. § 1503(a),  but this statute bars the Court from considering such a request where the plaintiff's status as a national of the United States "arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act."  8 U.S.C. § 1503(a).

III.  Discussion

It is undisputed that the issue of Castaneda's status as a national of the United States in this case arose after removal proceedings had commenced against him.  The IJ issued him a Notice to Appear on October 2, 2000.  (Doc. 16, Exh. 7.)  Castaneda filed his Application for

Citizenship on May 17, 2005. (Doc. 16, Exh. 1.) The only issue is whether Castaneda's claim arose "by reason of, or in connection with" the removal proceedings. 8 U.S.C. § 1503(a)(1). The removal proceedings have since terminated, and Castaneda has been removed from the United States, but the Fifth Circuit has held in *Rios-Valenzuela v. Department of Homelan Security*:

> It is the context of how the particular issue of citizenship arose rather than the mere timing of events that determines the applicability of § 1503(a)(1). . . . The issue of Rios's citizenship that forms the basis of his claims here originates, at least, in connection with the removal proceedings. The N-600 application process is, as Rios argues, a proceeding separate from the removal proceedings. But . . . the exception focuses on the proceeding in which the particular claim to citizenship originates, not the proceeding in which it is being pursued.

506 F.3d 393, 398 (5th Cir. 2007).

Castaneda filed his application for citizenship on May 17, 2005, prior to his removal from the United States and squarely within the context of his removal proceedings. One week prior, on May 10, 2005, the IJ denied Castaneda's application for a waiver under former § 212(c) of the Immigration and Nationality Act. (Doc. 16, Exh. 11.) A waiver under § 212(c) was the last form of relief allowed by the Board, which had previously dismissed his other claims and remanded the case to the IJ. (Doc. 16, Exh. 11.)

Castaneda's claim clearly "originates, at least, in connection with the removal proceedings." *Rios-Valenzuela*, at 398. The Court does not have subject matter jurisdiction in this case. Accordingly, it is hereby

ORDERED that the Motion to Dismiss of Defendants Janet Napolitano and Sandra Heathman is GRANTED.

.

SIGNED at Houston, Texas, this 13th day of August, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE